# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rochelle L. Bistodeau,

        Plaintiff,

        v.                          **MEMORANDUM OPINION AND ORDER**
                                              Civil No. 10-1961 ADM/FLN

Michael J. Astrue,
Commissioner of Social Security,

        Defendant.

---

Neut L. Strandemo, Esq., Strandemo, Sheridan & Dulas, P.A., Eagan, MN, for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, Minneapolis, MN, for Defendant.

---

## I.  INTRODUCTION

      Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant") denied Plaintiff Rochelle Bistodeau's ("Plaintiff") application for social security income based on disability.  The matter is now before the undersigned United States District Judge for consideration of Plaintiff's Objections [Docket No. 25] to Magistrate Judge Franklin L. Noel's Report and Recommendation ("R&R") [Docket No. 23], which recommends denying Plaintiff's Motion for Summary Judgment [Docket No. 12] and granting Defendant's Motion for Summary Judgment [Docket No. 18].  For the reasons stated below, Plaintiff's Objections are overruled and the R&R is adopted.  The procedural and factual background, described in the R&R, is incorporated by reference.

## II.  DISCUSSION

### A.  Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

The Commissioner's decision to deny social security benefits must be affirmed if it conforms to the law and is supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); Qualls v. Apfel, 158 F.3d 425, 427 (8th Cir. 1998).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000).  The reviewing court must consider both evidence that supports the Commissioner's decision and evidence that detracts from it, and the reviewing court must uphold the Commissioner's decision if it is supported by substantial evidence, even when substantial evidence exists in the record that would have supported a contrary decision or when the reviewing court would have reached a different conclusion.  Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001).

### B.  Plaintiff's Objections

Plaintiff raises two arguments in her Objections to Judge Noel's R&R.  She argues that (1) neither the Administrative Law Judge ("ALJ") nor Judge Noel evinced an accurate understanding of Plaintiff's bipolar disorder because they concluded that her ailments were too sporadic and attenuated to support a finding of a disability; and (2) Judge Noel erroneously discounted the medical opinions of Plaintiff's treating physicians, Dr. Lea Hogan ("Dr. Hogan")

and Dr. Corby Benson ("Dr. Benson"), in favor of the opinions of non-treating sources.

### 1. Plaintiff's Mental Impairment

Plaintiff asserts that Judge Noel misunderstood the cyclical and inconsistent nature of bipolar disorder and "used the variability of [Plaintiff's] symptoms over the cycling periods as an attack on her credibility."  Objections at 4.  Plaintiff cites a visit with Dr. Beth Johnson at Hennepin County Medical Center on August 28, 2008 and Plaintiff's own testimony about her manic and depressive episodes as evidence of the debilitating depression caused by her bipolar disorder.  According to Plaintiff, Judge Noel unfairly discounted this evidence and relied too heavily on Function Reports that "clearly do not describe [Plaintiff's] condition when she was in either a severe manic or severe depressive phase of her bipolar cycling."  Id.

Contrary to Plaintiff's assertions, the ALJ expressly found and Judge Noel considered that Plaintiff's mental impairments, including bipolar disorder, anxiety, and obsessive compulsive disorder "considered singly and in combination, cause more than minimal limitation in the [Plaintiff's] ability to perform basic mental work activities and are therefore severe within the meaning of the Social Security Act."  A.R. [Docket No. 5], Att. 2 at 17.   The ALJ then considered the intensity, persistence, and functionally limiting effect of Plaintiff's symptoms noting that Plaintiff was able to engage in daily tasks such as vacuuming, dusting, washing dishes, visiting friends, and going to church.  Id. at 18.

Plaintiff argued to Judge Noel that the ALJ failed to recognize that while some days she functions at a relatively normal level, other days she is unable to cope, often not even able to get out of bed.  Both Judge Noel and the ALJ discussed Plaintiff's "down" days, yet questioned the frequency of severe symptoms.  Judge Noel stated:

> There is no evidence of a manic episode after Plaintiff's August
> 2006 hospitalization.  The only evidence of Plaintiff having severe
> depression was in August 2008, when Plaintiff had suicidal
> ideation without a plan, which quickly improved with change in
> medication and partial hospitalization.  At all other times, her
> anxiety and depression were mild to moderate.

R&R at 27-28.

As Judge Noel concluded, the record reveals two isolated incidents in a period of four years of debilitating manic-depressive episodes.  There are other instances recorded in the treatment notes where Plaintiff had bouts of depression, but these episodes were not severe.  For example, on October 10, 2006, Plaintiff went to North Memorial hospital complaining of depression.  The treatment notes from the visit describe her mental status, mood, and affect as "normal."  A.R., Att. 7 at 324.  She was diagnosed with depression but discharged as "not meeting criteria for admission at this time."  Id.  Similarly, Plaintiff went to North Memorial hospital on February 6, 2007, complaining of anxiety and stress, but the treating physician's notes describe her condition as "moderate" and her mental status, mood, and affect as "normal." Id. at 299.  Indeed, on August 7, 2008, Plaintiff reported that she had not had a manic episode in over one year.  A.R., Att. 8 at 440.  Thus, the objective medical evidence does not support Plaintiff's claim regarding the frequency of her manic episodes and her subjective allegations of disability.

In addition, Plaintiff's symptoms appear controlled with medication.  At an August 12, 2006 assessment, Plaintiff's treating physician wrote that Plaintiff "ran out of her Depakote a couple of weeks ago, and now has been getting worse."  A.R., Att. 7 at 308.  After being evaluated by another doctor at that same visit, Plaintiff admitted she had become anxious after

quitting her Depakote two weeks prior.  Id. at 311.  At a psychiatric assessment on December 13,

2006, Plaintiff admitted feeling stable and happy after taking Depakote and Effexor.  Id. at 284.

On August 7, 2008, Plaintiff reported that Depakote and Lithium helped her to feel stable.  A.R.,

Att. 8 at 440-42.  Based on this evidence, Plaintiff's symptoms appear capable of being

controlled by medication.  See Brace v. Astrue, 578 F.3d 882, 885 (8th Cir. 2009) ("If an

impairment can be controlled by treatment or medication, it cannot be considered disabling.").

### 2. Opinions of Non-Treating Sources

Plaintiff alleges that Judge Noel unfairly ignored the opinions of treating physicians Dr.

Hogan and Dr. Benson, both of whom opined that Plaintiff was disabled.  Plaintiff is correct that

the opinion of a treating physician is normally controlling if it is "well supported by medically

acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other

substantial evidence in [the] record."  Leckenby v. Astrue, 487 F.3d 626, 632 (8th Cir. 2007).

Plaintiff contends that the opinions of Dr. Hogan and Dr. Benson are consistent with the record

and demonstrate that Plaintiff suffers from debilitating bipolar disorder.  Plaintiff repeats her

assertion that Judge Noel is simply "puzzled by the fact that periods of depression and mania do

not each last for extended periods of time."  Objections at 6.

As discussed above, Judge Noel was concerned not by the length of each episode but by

the frequency with which severe episodes occurred.  Judge Noel discounted Dr. Hogan's opinion

because he provided it in April 2006, three months before Plaintiff's onset date.  Plaintiff

contends that merely because *res judicata* applies to the time period before July 26, 2006, does

not mean that "medical opinions and observations given prior to the date of the onset have no

relevance to an evaluation of the Plaintiff's condition."  Objections at 6.  While it is true that

medical opinions and observations are relevant insofar as they shed light on Plaintiff's condition after the onset date, Judge Noel found that "Plaintiff improved after her week long hospitalization in August 2006, and there is no evidence in the record of another manic episode through March 2009."  R&R at 32.  Thus, Dr. Hogan's April 2006 diagnosis is relevant until Plaintiff's August 2006 improvement, and has limited relevance after that point.

Judge Noel also discredited Dr. Benson's and Physician Assistant Elizabeth Hedlund's ("P.A. Hedlund") opinions because they were inconsistent with the medical record.  In November, 2008, Dr. Benson opined that Plaintiff was not able to work because of her fibromyalgia, obsessive compulsive disorder, and bipolar disorder.  R&R at 33.  In October, 2006 and December, 2007, P.A. Hedlund concluded the same.  Id. at 34.  Yet neither of them (nor any other treatment provider) observed any manifestations or limitations brought on by the pain Plaintiff reported.  Plaintiff had no indication of pain or distress, no limitation on her range of motion, no muscle weakness, and no difficulty performing physical therapy.  A.R., Att. 8, 489-92, 404-05, 475, 477.  Additionally, Plaintiff's daily activities were inconsistent with the level of pain she was reporting.  A.R., Att. 6 at 185, Att. 7 at 246, Att. 8 at 432.  Such inconsistencies between the record and the medical evidence led Nurse Wilson and Katie Shaw to eliminate the fibromyalgia diagnosis on subsequent forms.  A.R., Att. 9 at 552, 554.

Similarly, observations of Plaintiff's mental acuity were inconsistent with a finding of disability.  Medical professionals generally described Plaintiff as normal with normal speech and language patterns, logical and coherent thought processes, and preserved attentiveness.  A.R., Att. 2 at 20.  When these medical observations are combined with the lack of explanation of why Plaintiff cannot work, Dr. Benson's and P.A. Hedlund's opinion of disability are correctly

discounted.  Ward v. Heckler, 786 F.2d 844, 846 (8th Cir. 1986) (when a treating physician's statements are conclusory, the ALJ may discount his or her opinion in favor of the contrary medical opinion of a consulting physician).

The non-examining state agency physicians' and psychologists' opinions are substantiated by and consistent with the record as a whole.  Although stress and anxiety contribute to Plaintiff's depression, the record indicates that with proper medication, Plaintiff's mental status can be controlled.  A.R., Att. 7 at 283, 285-87, Att. 8 at 420-21, 432, Att. 9 at 498. For these reasons, the ALJ's decision is supported by substantial evidence and Judge Noel's recommendation is adopted.

### III.  ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Objections [Docket No. 25] are **OVERRULED**;

2.  The R&R [Docket No. 28] is **ADOPTED;**

3.  Plaintiff's Motion for Summary Judgment [Docket No. 12] is **DENIED;**

4.  Defendant's Motion for Summary Judgment [Docket No. 18] is

**GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 18, 2011.